AMASA C. HALL *vs.* WILLIAM JACK, Surviving
Partner of JOHNSTON, JACK & Co.

GEORGE A. COX *vs.* THE SAME.

*Who may Appeal under the Act of 1864, ch. 156—*
*Lis Pendens—Effect of an Appeal—Stakeholder.*

The Act of 1864, ch. 156, allowing an appeal from a final decree or order
in the nature of a final decree, passed by a Court of Equity, by a party
to the suit, with or without the assent or joinder of co-plaintiffs or co-
defendants in such appeal, was designed to extend and not to limit the
right of appeal, and cannot be construed as restricting that right in all
cases to such persons only as are technical parties to the suit.

A person claiming to be entitled to a fund in controversy, who files his
petition, asking to be permitted to intervene for the protection of his
rights, is a party within the meaning of the Act of 1864, ch. 156, and
entitled to appeal from the decree dismissing his petition, and directing
the fund to be brought into Court for distribution among other claim-
ants.

To entitle a party to intervene in a suit, or claim title to the property in
controversy, it ought to appear affirmatively that his title, or that of the
person under whom he claims, was acquired before the pendency of the
suit. If acquired after suit brought, he is affected by the *lis pendens*.

After an appeal is taken, and an appeal bond executed and approved, no
step in the cause can be taken in the inferior Court, which, by any pos-
sible contingency, may prejudice the appellant.

A party who is a mere stakeholder, liable for the payment of the money
which he is ordered to bring into Court for distribution, cannot be heard
on appeal, to object to the passage of the order, which, although passed
unnecessarily or irregularly, in no manner affected his rights.

APPEALS from the Circuit Court of Baltimore City.

The bill of complaint in this cause was a creditor's bill filed
on the 19th of January, 1867, by Robert B. Johnston and
William Jack, trading under the firm name of Johnston, Jack
& Co., in the town of Hollidaysburg, in the State of Pennsyl-
vania. After the cause had been argued and submitted for a

final decree, Robert B. Johnston died.   Other facts in the cause necessary to an understanding of the questions decided, will be found sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*Henry Stockbridge,* for the appellant, Hall.

It is impossible to do justice and equity in the cause before the Court, unless Hall is permitted to come in as a party defendant to protect and defend his interest as involved in the cause.   It is his right to avail himself of the rule which is well settled and uniform, that all persons having an interest in the objects of a suit, have a right to be, and ought to be made parties.   *Calvert on parties in Equity,* 11, &c.; *Hunter on Suits in Equity,* 14; *Story's Equity Pl.,* sec. 72, &c.; *Cooper's Eq.,* 33.

If the mortgage, the payment of which is restrained by the injunction in this case, had been *formally* assigned to John F. McKenzie before the institution of this suit, he (or his assignee, if *he* had assigned,) would have been a necessary party, and no decree would have bound him, or deprived him of the right to collect the mortgage debt, unless he had been made a party.   If the assignment were unknown to the complainants when they filed the bill, it would have been necessary for them to have taken such steps as would have made him a party as soon as that interest in him was ascertained. *Story's Eq. Pl.,* sec. 189, &c.; 1 *Dan'ls Ch. Pr.,* 253, &c.

The notes being negotiable, when they were endorsed and passed over to McKenzie, the mortgage passed with them without any formal assignment.   *Langdon vs. Keith,* 9 *Verm.,* 299; *Johnson vs. Hart,* 3 *John. Ch.,* 322; *Lawrence vs. Knapp,* 1 *Root,* 248; *Terry vs. Woods,* 6 *S. & M.,* 139; *Blair vs. Bess,* 4 *Blackf.,* 539; *Green vs. Hart,* 1 *John. R.,* 580; *Clark vs. Levering,* 1 *Md. Ch. Dec.,* 178; *Ohio L. I. & T. Co. vs. Winn & Ross,* 2 *Md. Ch. Dec.,* 25.

Whether the complainants knew of the assignment by the mortgagees before the filing of the answer of A. M. and M. L. White or not, they were *then* advised that, prior to the filing of the bill, the mortgagees, by the transfer of the mortgage debt, had assigned the mortgage itself, and at the time of filing of the bill had no interest in it whatever. It was essential then to the validity of the proceedings at the time of the filing of the bill, that John F. McKenzie should be made a party.

Not having been made a party, the transactions between him and Hall, both strangers to the suit, cannot be affected by its pendency, and Hall has all the rights which McKenzie had at the time the suit was instituted. All the authorities cited to show that litigants may, and courts will, disregard alienations made *pendente lite*, refer to cases where the alienor was in fact a party to the suit. Then it is reason, and of course law, that the vendee is bound by a *decree against his vendor*. But it is otherwise, if the alienation is before suit brought.

*William Daniel*, for the appellant, Cox.

The appellant, Cox, in his answer, first raised the question of jurisdiction, by asserting that, an appeal having been taken in the cause, and an approved bond given, the Court could not proceed further in the premises until a final adjudication by this Court; and, secondly, that the allegations of the petition were not sufficient to entitle the complainants to relief, (even if the Court were competent to give it,) because it was not stated or attempted to be shown that the mortgaged property was not sufficient to pay off both mortgages, with interest, but, on the contrary, the defendant (this appellant) alleged, and subsequently proved, that the property was more than ample for both purposes; that the money in question could not be more safely or profitably invested, and that, in addition to the security on the property, this debt was amply secured by the bond given in the appeal from said decree; he insisted,

therefore, that it would be inequitable and unjust to him to force a sale of his property under these circumstances, or require him suddenly to raise so much money, and thereby subject him to great inconvenience. Thirdly. He tendered himself ready and willing to pay as soon as it should be legally determined to whom he should pay.

The Court, however, passed an order on the 10th of May, 1869, requiring the defendant to bring into Court, within thirty days, the money then due upon said mortgage, amounting to about $6,270; from that order this appeal was taken, and notice given of an intention to dispute the former decree, or orders passed in the case.

Upon taking an appeal and giving an approved appeal bond, the operation of all orders or decrees in chancery, are stayed. *Code of Pub. Gen'l Laws, Art.* 5, secs. 23, 33 *and* 35; *Act of* 1864, *ch.* 322.

A Court having parted with the record cannot proceed to execute it. *Gelston vs. Hoyt,* 3 *Wheat.,* 304.

After an appeal is taken, and an appeal bond executed and approved, no step can be taken in the cause which by any possible contingency can prejudice the appellant. *Ohio Life Ins. and Trust Co. vs. Winn and Ross,* 4 *Md. Ch. Dec.,* 254, 266, 267 *and* 270.

But conceding the Court below had jurisdiction in the premises, there was not such a case made by the petition as to justify its action. Courts will not order a sale by decree, or otherwise interfere, unless it will subserve some *useful purpose* or be of some advantage. There was no allegation that the property was not sufficient to pay all incumbrances, but, on the contrary, proved amply so to be, and that the money was well and productively invested, &c. *Bruce, et al. vs. Levering,* 23 *Md.,* 288, 294 *and* 295; *Williams vs. Savage Manuf. Co.,* 1 *Md. Ch. Dec.,* 327.

The appeal in this cause was properly taken.from the order of the 10th of May, 1869; and the previous decree of the 24th of June, 1868, may also be reviewed thereunder. This last

order is essentially different from that of the ʿ24th of June. The one was to bring in money to be distributed in accordance with said decree; the latter to bring the money into Court to await the issue of this suit, &c.   *Code of Pub. Gen'l Laws, Art.* 5, *sec.* 22; *Dugan, et al. vs. Gittings, et al.,* 3 *Gill,* 138; *Ware, et al. vs. Richardson,* 3 *Md.,* 505.

*Wm. Reynolds, Jr.,* and *Thos. Donaldson,* for the appellee.

The Court below refused to grant the prayer of the appellant, Hall, to be made a party, and by its decree declared the gift of personal property from White to his wife to be void as against the complainant and other creditors who were such when said gift was made, and directed the defendant, Cox, to bring into Court the money which then was or thereafter might become due upon the notes, mentioned in the proceedings, as they should respectively mature, to be applied under the Court's direction, &c.   From this decree the appeal of Hall was taken.

The appeal should be dismissed, because Hall, not being a party to the cause, had no right to take an appeal from the decree passed therein.

The right of appeal depends entirely upon the statutory provisions in relation thereto, which, so far as regards appeals from final decrees passed by Courts of Equity, are found in section 20 of Article 16 of the Code of Public General Laws, which section, as amended by the Act of 1864, ch. 156, provides that "an appeal shall be allowed, &c., by any one or more of the *persons, parties to the suit,* &c."   Therefore, no person not a *party* to the suit has a right to appeal.   Hall never was a party to the proceeding in which was passed the decree sought to be appealed from by him.   He applied to be made a party, but the Court refused his application.

But even if Hall had a right to appeal from the order overruling his petition to be made a party, or from the decree, upon the ground that such an order, whereby his rights were prejudiced, had been previously passed, the Court below was

right in over-ruling his application to be made a party to the cause.

1st. Because even if all the allegations in his petition were true, they did not disclose sufficient grounds for making him a party. Any person purchasing property *pendente lite*, though for a valuable consideration, and without notice of the suit, is affected in the same manner as if he had actual notice, will be bound by the decree or judgment, and need not be made a party to the suit. Hall, in his petition, did not allege that he purchased prior to the institution of these proceedings. He admitted that he did not pay over the money and securities given for the notes, until the mortgage was actually assigned to him, *and he was very careful not to let the date of this assignment of the mortgage appear.* 1 *Story's Eq. Jur.*, sec. 406; *Inloes' Lessee vs. Harvey,* 11 *Md.,* 524; *Bishop of Winchester vs. Paine,* 11 *Vesey,* 197; *Gaskill vs. Durdin,* 2 *Ball & Beatty,* 169.

2d. Because even if the facts alleged in the petition of Hall were sufficient to entitle him to be made a party, *if true,* there is no evidence in the cause to prove them, and Hall has never taken any steps to produce such evidence, although, from the circumstance of the payment of the interest note which fell due June 25th, 1867, being stopped by injunction, he must have had actual notice of these proceedings from that time, *nearly eleven months before his petition was filed in the cause. Cook vs. Mancius,* 5 *Johns. Ch. Rep.,* 89.

On the Appeal of George A. Cox:

Cox had no right to appeal from the order of the 10th of May, 1869, directing him to bring into Court, the balance due on the mortgage notes, within thirty days.

1st. Because the decree passed June 24th, 1868, more than ten months before the date of the order sought to be appealed from, directed the said Cox "to bring into Court the money which was, is or hereafter may become due upon the notes mentioned in the proceedings, as the same shall respectively arrive at maturity; that said money may be applied under

the Court's direction, &c.," so that the order to pay into Court the balance due upon said mortgage notes was in reality nothing more than the reiteration of a decree, the time for an appeal from which had expired.

2d. Because the obligation of Cox to pay into Court the amount of the mortgage notes having been already determined by the decree, the only effect of the order was to fix the exact balance due upon those notes at the time said order was passed; and the amount fixed by said order was, calculating the interest, the same sum claimed in the petition of the appellee, and which Cox, in his answer did not dispute, and therefore admitted to be due upon the notes.

But even if Cox could appeal from the order of May 10th, 1869, the passing of such order by the Court below was not erroneous.

1st. Because the appeal bond filed by Hall only suspended the jurisdiction of the Court in so far as its action would prejudice any rights which he might acquire by the reversal of the order or decree appealed from by him. The appeal was from the refusal of the Court to make him a party. If Hall had been made a party, he could have acquired no other rights than that of receiving all or some portion of the mortgage debt. The decision of the appeal, one way or the other, could not affect Cox's obligation to pay the full amount of the mortgage debt then overdue; it could only decide to whom the money should be paid. The order only directed the money to be *paid into Court*, not to the complainants.

2d. Because the payment into Court and investment of the money would be greatly for the advantage and security both of the appellee and Hall, as it was doubtful whether the mortgaged property would be good security for the mortgage debt by the time the appeal was decided.

BARTOL, C. J., delivered the opinion of the Court.

These two appeals have been brought up in one record and were argued together, and for the sake of brevity and conve-

nience, will be disposed of in one opinion. In order to understand the several questions involved, it is necessary to state, with some degree of particularity, the facts and circumstances of the case as disclosed by the record.

The bill was filed on the 19th day of January, 1867, by the appellee and William B. Johnston, suing as well for themselves as for all other creditors of Alexander M. White, for the purpose of annulling or setting aside a voluntary gift of property made by White to his wife, alleged to be in fraud of his creditors, and to subject the same to the payment of his debts.

The property consisted as alleged in the bill and shown by the proof:

First, of a house and lot on Lombard street, in the city of Baltimore; and secondly, of certain promissory notes of Geo. A. Cox, secured by a mortgage executed by Cox, in favor of Mrs. White, for and in consideration of furniture alleged to have been purchased by Cox from Alexander M. White.

It appeared in the progress of the cause, that the house and lot had been sold and conveyed by White and wife, before the filing of the bill, to a *bona fide* purchaser, and all claim thereto was therefore abandoned by the complainants, who continued the further prosecution of the suit, for the purpose of subjecting to the payment of their claim, and those due to the other creditors of Alexander M. White, the money due by Cox upon his promissory notes.

White and wife and Cox were made defendants, and an injunction was issued prohibiting White and wife from selling or disposing of the promissory notes, and enjoining Cox from paying the same to White and wife, or to any other person for them.

The defendants answered, and testimony was taken, and on the 11th day of May, 1868, the cause was set down for hearing on the 2d day of June, 1868.

On the 13th day of May, 1868, the appellant, Amasa C. Hall, filed a petition claiming to be the *bona fide* assignee and

owner of the promissory notes and mortgage of Cox, and praying to be made a party to the cause, for the protection of his rights.

On the 24th day of June, 1868, a decree was passed by the Circuit Court dismissing Hall's petition, declaring the gift of the personal property made by White to his wife, to be null and void as against the complainants, and other creditors of White, who were such at the time of the gift, and further ordering that the defendant Cox bring into Court the money due, and as, and when the same might thereafter fall due upon his promissory notes, to be applied under the Court's direction, all equities as to the distribution of the fund being reserved for hearing upon the report of the auditor, to whom the cause was referred by the decree. The auditor reported the amount due and to become due by Cox, and the account was finally ratified on the 16th day of November, 1868. Afterwards, upon the petition of the complainants setting forth that no other creditors of White had appeared to claim the fund, the Court, on the 17th day of November, 1868, passed an order directing the same to be paid to them in satisfaction *pro tanto* of their claim.

On the 24th day of December, 1868, Amasa C. Hall entered his appeal "from the decree of the Court in the cause," and gave his appeal bond on the 8th day of March, 1869.

On the 3d day of March, 1869, the appellee filed a petition alleging that Cox had failed to pay into Court the amount due on his mortgage notes, as directed by the decree before passed, and praying that the property mortgaged might be sold to pay the same. To this petition an answer was filed by Cox, alleging for cause against granting the same; that the Court had no jurisdiction to proceed in the cause, by reason of the appeal having been taken by Hall; and alleging further that the property mortgaged was full and ample security for the money due by him.

In support of this last averment testimony was taken, and on the 10th day of May, 1869, an order was passed requiring

Cox to bring into Court, within thirty days after the date of the order, the balance of principal and interest due on his mortgage debt. From this order the appeal of Cox was taken on the 10th day of May, 1869.

Before we proceed to consider the real questions in controversy presented by these appeals, it may be well to premise that no valid objection has been urged, and, in view of the evidence contained in the record, we think none could be successfully urged to the decree of the Circuit Court, in so far as it annuls the gift made by White to his wife, and declares the same to be void as against White's creditors. White and wife, the only parties affected by that part of the decree, have not appealed.

Nor is there any valid objection to the correctness of the complainants' claim against Alexander M. White, as stated in the bill of complaint; this is abundantly established by the vouchers and proof in the cause. The debt of White originated in December, 1858, and January, 1859. It has been argued that it was extinguished by the agreement of February 4th, 1865. It is unnecessary to decide what may have been he effect of that agreement, because, on the 10th day of May, 1866, another agreement was made by White with the complainants, whereby his debt was renewed and his promissory notes given therefor, bearing date the 26th day of February, 1866. The gift by White to his wife, which is sought to be set aside, was made on the 22d day of December, 1866, as appears by the mortgage from Cox to Mrs. White, exhibited with the bill. There can be no question, therefore, that the complainants were subsisting creditors of White at the time of this gift, which they impeach as fraudulent.

The first question to be disposed of upon Hall's appeal is raised by the motion to dismiss the appeal, for the reason, as alleged, "that the appellant was not a party to the cause in which the decree was passed, the Court having refused his application to be made a party."

In support of the motion the appellee relies upon Article 5, section 20, of the Code, as amended by the Act of 1864, chapter 156.

That Act provides, that " an appeal shall be allowed from any final decree, or order in the nature of a final decree, passed by a Court of Equity, by any one or more of the persons parties to the suit, with or without the assent or joinder of co-plaintiffs or co-defendants in such appeal." The evident intention of the Act was to change the pre-existing law, as it had been construed in *Lovejoy vs. Irelan,* 17 *Md.,* 525, and to enable one or more of the parties to a suit in equity to prosecute an appeal without joining the co-plaintiffs or co-defendants, and without the necessity for summons and severance, which was before required. The Act was designed to extend, and not to limit the right of appeal, and cannot be construed as restricting that right in all cases to such persons only as are technical parties to the suit. Ordinarily, none but parties to the cause can appeal, because, ordinarily, no others are bound or affected by the decree.

In the present case it is obvious that the decree dismissing the petition of Hall, and directing the fund to be brought into Court for distribution among the creditors of White, for such we construe to be its effect, and the subsequent order of the 17th of November, 1868, which directed the fund to be paid to the complainants, operated to conclude the rights of Hall in respect to the fund. And, being directly interested in the subject-matter of the decree, and having filed his petition in the cause, praying to be permitted to intervene for the protection of his rights, he must be considered as a party within the meaning of the Act of 1864, entitled to appeal. The motion to dismiss must, therefore, be overruled.

But we are of opinion there was no error in the decree dismissing his petition. In order to be entitled to intervene in the suit or claim title to the property, it ought to appear affirmatively that his title as assignee, or that of McKenzie, under whom he claims, was acquired before the pendency of

the suit.   If acquired after suit brought, he is affected by the *lis pendens*.   It was not denied in the argument that the doctrine of *lis pendens* would apply to this case in the same manner as if the property in dispute was of a different kind or description.

It is well settled, that " the Court is not bound to take notice of any interest acquired by purchase in the subject-matter of a suit pending the suit." 5 *Johns. Ch. R.*, 96; 1 *Story's Equity Jur.*, secs. 405, 406; *Inloes vs. Harvey*, 11 *Md.*, 524.

In this case, the bill was filed on the 19th day of January, 1867.   Notice to White and wife, who were non-residents, was given by publication in the newspapers for four successive weeks, beginning on the 22d day of January, 1867. The injunction was served on A. M. White on the 1st of February, 1867, and on Mrs. White on the 11th of the same month.

When did the appellant, Hall, purchase the notes and mortgage?   For the answer to this question, we can refer only to the statement found in his petition; and that does not furnish the required information.   It is alleged that he began his negotiation for the purchase of the notes in January, 1867, but declined to buy until an assignment of the mortgage was made, which he alleges was done shortly thereafter, but at what time is not stated; nor is the assignment produced which would show the date of the transaction.   It is not alleged in the petition that it took place before the institution of the suit; he must be regarded, therefore, as a purchaser or assignee *pendente lite*.

It was argued, on the part of the appellant, that the endorsement or transfer of the notes to McKenzie carried with it the title to the mortgage, as a security or incident thereto without a formal assignment of the mortgage, and that if the transfer to McKenzie was made before the institution of the suit, his subsequent transfer to Hall would confer a good title, unaffected by the *lis pendens*, although it may have been made

after the institution of the suit. Conceding these propositions to be correct, they do not affect the decision of the case, because it does not appear that the notes were transferred to McKenzie as a *bona fide* purchaser; nor is it alleged in the petition, that the notes were transferred to him before the institution of the suit. In the absence of any averment to the contrary, it must be intended that the title, both of the appellant, Hall, and of McKenzie, (if McKenzie ever was the owner, which is not distinctly averred,) was acquired *pendente lite*, and for that reason we think the appellant's petition was properly dismissed.

It is conceded in the petition, that he had actual notice of the pendency of this suit as early as the 25th day of June, 1867, when the first note matured, and yet he took no steps to assert his claim, or to offer proof in its support, until the 13th day of May, 1868, after the cause had been set down for hearing. After such delay, his application does not address itself to the favorable consideration of the Court. But, independently of the question of *laches*, we are of opinion for the reasons stated, that the averments of the petition are insufficient to entitle him to be admitted as a party to the cause, and will, therefore, sign a decree affirming the decree of the Circuit Court, passed on the 24th day of June, 1868.

Having decided Hall's appeal, the appeal of George A. Cox may be briefly disposed of. Without stopping to argue the questions presented by the motion to dismiss, and assuming that the motion ought to be overruled and the appeal entertained, we discover no sufficient ground for reversing the order of the 10th of May, 1869, from which the appeal was taken.

It is no doubt well settled, that " after an appeal is taken, and an appeal bond executed and approved, no step in the cause can be taken in the inferior Court which, by any possible contingency, can prejudice the appellant." 3 *Bland,* 413; 6 *H. & J.,* 333; 4 *Md. Ch. Dec.,* 254.

Hall *vs.* Jack.   Cox *vs.* Same.

In this case we think the effect of Hall's appeal, an appeal bond having been given, was to suspend the operation of all and every part of the decree of the 24th of June, 1868, and that the Circuit Court had no jurisdiction or power to enforce the same, while the appeal was pending and undecided.

But the effect of the order of the 10th of May, 1869, could not by any possibility prejudice the rights or interests of the appellant Hall.  On the contrary, if he should succeed in his appeal and establish his right to the fund in question, his interests would not be prejudiced by the payment of the same into Court.  But, however that may be, it is clear that Cox, who is a mere stakeholder liable for the payment of the money, cannot be heard to object to the passage of the order.  He does not deny his obligation to pay, nor is there any question as to the correctness of the amount stated in the order.

Having in the previous part of this opinion upon Hall's appeal, decided that the decree of the 24th of June, 1868, ought to be affirmed, there is no real or substantial reason for reversing the order of the 10th of May, 1869, which merely reiterates what had been directed by the previous decree.  The case is one in which it was eminently proper to require the money due by the mortgagor to be paid into Court, and he cannot be heard to complain of the order of the 10th of May; which though it may have been passed unnecessarily or irregularly in no manner affected his rights.

*Decree and order affirmed.*

(Decided 5th March, 1870.)