INTERMEDIARY FINANCE CORPORATION, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, *Appellant*, v. DONALD G. MCKAY AND OLIVE MCKAY, HIS WIFE, W. H. SMITH, GEORGE F. MCGLAWN AND LAURA B. MC-GLAWN, HIS WIFE, JESSE L. MORRISON AND EUGENIA A. MORRISON, HIS WIFE, AND W. DENVER MARBOURG, *Appellees*.

Division B.

Opinoin Filed January 20, 1927.

1. This Court is committed to the doctrine that a purchaser *pendente lite* is not entitled to intervene.

2. A *lis pendens* is literally a pending suit. It has been defined as the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein. The

general rule is that whoever purchases the subject matter of a suit *pendente lite*, takes subject to the decree or judgment.

3. Under our statute (Section 2853, Revised General Statutes of 1920), no suit at law or equity operates as a *lis pendens* till notice thereof has been filed and recorded in the clerk's office in the county where the property is situated.

An Appeal from the Circuit Court for Charlotte County; George W. Whitehurst, Judge.

Reversed.

*E. J. L'Engle, J. W. Shands* and *Giles & Gurney, for* Appellant;

*Hampton, Bull & Pencke, Knight, Thompson & Turner* and *Herbert S. Phillips,* for Appellees.

TERRELL, J.—Appellant as complainant below brought suit against the appellees, except W. Denver Marbourg, for specific performance of a contract to sell certain lands therein more particularly described. The bill of complaint was filed May 22, 1925, and shows that the contract of sale was entered into December 12, 1924. Notice of *lis pendens* was filed the same date as the bill of complaint and on January 9, 1926, appellee W. Denver Marbourg filed his petition to intervene on the alleged ground that he had a substantial interest in the property in controversy by virtue of an option to purchase executed by himself and certain other appellees.

January 9, 1926, the Chancellor entered his decree permitting W. Denver Marbourg to intervene and become a party defendant. Appellant promptly appealed from the order permitting Marbourg to intervene, laying five assignments of error, all of which are predicated on the premise

that no showing was made sufficient to entitle Marbourg to intervene.

The record discloses that the contract by which Marbourg obtained an alleged substantial interest in the property in controversy was dated August 4, 1925, several months after suit was brought and the notice of *lis pendens* filed and recorded. This Court is committed to the doctrine that a purchaser *pendente lite* is not entitled to intervene. Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 South. Rep. 191. See also, Doke v. Williams, 45 Fla. 248, 34 South. Rep. 569; Morgareidge v. Howey, 75 Fla. 234, 78 South. Rep. 14; Hall v. Jack., 32 Md. 253; 21 C. J. 343; 17 R. C. L. 1031.

A *lis pendens* is literally a pending suit. It has been defined as the jurisdiction, power or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein. The general rule is that whoever purchases the subject matter of a suit *pendente lite,* takes subject to the decree or judgment. The doctrine of *lis pendens* is grounded on the theory that the parties to the suit will not be permitted to withdraw or alienate the subject matter theerof pending litigation. The adoption of any other view would overthrow the whole doctrine. 17 R. C. L. 1009, 1027, and cases cited.

Under our statute (Sec. 2853, Revised General Statutes 1920,) no suit at law or equity operates as a *lis pendens* till notice thereof has been filed and recorded in the clerk's office in the county where the propety is situated. As to the effect of the suit and notice we must discern that from the general law on the subject under which and under the rule approved by this court Marbourg is not entitled to intervene.

Appellee Marbourg contends that he is not a mere pur-

chaser *pendente lite,* but that there are other and special reasons and equities in his favor why he should be permitted to intervene. If such special reasons or equities were shown to exist they might be considered; but we have examined the record carefully and they are not made to appear. No fraud is charged, and for all the record discloses he was a man *sui juris.* He may have made a bad bargin, but under the showing modee a court of equity can give him no relief.

The order permitting Marbourg to intervene was erroneous and is reversed on authorities here cited.

WHITFIELD, P. J., AND BUFORD, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.