JOHN H. MINGE, *Appellant*, v. J. M. DAVIDSON, JR., W. J. HOEBEL, L. P. HOEBEL, ELIZABETH HOEBEL AND MRS. EMMA JONES, *Appellees*.

Opinion Filed January 5, 1928.

*Fee & Liddon* and *Nisle & Vocelle*, for Appellant;

*Abbott & Gaulden*, for Appellees.

ADKINS, Circuit Judge:

This is an appeal from orders denying petition of John H. Minge to be made a party to a petition filed by W. J. Hoebel and others against J. M. Davison, Jr., and an order dismissing the original petition.

Prior to June 24th, 1924, J. M. Davison, Jr., filed his bill against Philip Hoebel and all persons claiming any interest under him in and to certain lands in St. Lucie County, afterwards embraced in Indian River County; decree quieting title in Davison was entered and recorded on July 24, 1924.

On July 20, 1925, W. J. Hoebel, L. P. Hoebel, Elizabeth Hoebel and Mrs. Emma Jones, all the heirs at law of Philip

Hoebel, filed their petition, praying a rehearing of the J. M. Davison, Jr., suit, and that they be made parties defendants therein, and be permitted to defend the same. The Hoebel petition was sworn to by one of the petitioners, was filed within twelve months after the rendition of the decree quieting title in Davison, and sets up details of the defense proposed.

The Judge of the Circuit was disqualified and upon proper orders, the Judge of the 7th Circuit took jurisdiction. A demurrer was interposed by Davison, and there the matter rested until the 9th day of December, 1925, on which date the Judge made an order dismissing the Hoebel petition, reciting in said order, ''that it was made on motion of the petitioners W. J. Hobel, L. P. Hoebel, Elizabeth Hoebel and Mrs. Emma Jones, to dismiss their petition.'' This order was filed December 14, 1925. On the same date appellant filed his petition to be made a party to the Hoebel petition and four days later he filed another petition, praying that the order of dismissal be vacated and that he be allowed to join in the Hoebel petition as one of the petitioners.

The prayer of Minge's petition is based upon the allegations that on the 8th day of June, 1925, he acquired an interest in the land involved by purchase or contract from the Hoebels, which interest was particularly set out by his petition.

Before going into the merits of this appeal it is proper to call attention of counsel to the necessity for adhering to the record in the preparation of briefs. Recitals dehors the record of alleged facts reflecting upon the good faith of the opposite parties are highly improper, and only serve to weaken the argument of counsel. The briefs of counsel for appellees here is so tainted in that respect, that we cannot refrain from this admonition. Where the character

of the parties or the attorneys is not involved in the case, all reference and comments of a personal nature by a party in his briefs are entirely out of place. It is not complimentary to a court to suppose that such statements would divert its attention from the points at issue, or be given the slightest weight, and they should be omitted.

State v. Call, 26 Sou. 1016.

There are two assignments of error, as follows:

1. The Court erred in entering its order in said cause on the 9th day of December, 1925, dismissing the petition of W. J. Hoebel, L. P. Hoebel, Elizabeth Hoebel and Mrs. Emma Jones, for rehearing in this cause recorded in Chancery Order Book, 1, page 244, of the record of Indian River County, Florida.

2. The Court erred in entering its order on the 19th day of December, 1925, denying the petition of John H. Minge for an order vacating the order of dismissal entered in this cause on the 9th day of December, 1925, and denying the petition of said John H. Minge to intervene in said cause, which order is recorded on Chancery Order Book 1, at page 250 of the records of Indian River County, Florida.

The record shows, that Minge acquired any interest he might have had subsequent to the final decree, quieting title in Davison as against Philip Hoebel and those claiming under him.

At the time the bill was filed to quiet title and the final decree was recorded, Minge had no interest in the land, and he now has no right to intervene and become a party defendant.

The rule announced in the case of Peninsular Naval Stores Co. v. Cox, decided by this Court, 1909, reported in 57 Fla. 505, 49 Sou. 191, applies in this case; after discussing authorities, we say:

''From a consideration of these and other authorities, we

are of opinion that the court erred in granting the petition of Varn to be made a party defendant to the bill in the place of Weil & Co. and Frank & Co. The order was made on the petition of Varn. No notice of the application of Varn or of the hearing was given the complainant.

The purchaser of the land and the assignments of the judgments all occurred *pendente lite*. If Varn, under the circumstances, is entitled to appear as a party defendant, then any assignee of his would be entitled to appear and the litigation could be protracted without end.''

This rule was approved by this Court in the case of Intermediary Finance Corporation v. McKay et al., 111 Sou. 531.

It follows necessarily that the appellant here having no right which could be litigated in the original suit, has no standing in a petition to become one of the petitioners for a re-hearing in the original suit.

Having reached this conclusion, it is unnecessary for us to consider other questions raised by the assignments of error.

No reversible error appearing the order and decrees appealed from are affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the order and decrees of the Circuit Court in this cause be, and the same are hereby affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN, AND BUFORD, J. J., concur.