AMELIA GREENWALD, a feme sole, *Appellant*, v. JOHN M. GRAHAM, et al., *Appellees*.

En Banc.

Opinion filed October 10, 1930.

*Chas. A. Morehead,* for Appellant;

*Price, Price, Kehoe & Kassewitz,* for Appellee A. Walder.

ANDREWS, Commissioner.—It appears from the transcript that the Tinto Company, Inc., title holder of real property, upon which a final decree of foreclosure had been duly entered, removed from a moving picture theatre building located thereon considerable fixtures and furniture about four days prior to the master's sale which were bought and stored in another theatre building by respondent Chas. Walder, purchaser, who obtained a bill of sale from the owner in exchange for the sum of $1,047.00 owed him by the title holder. The property was bid in by complainant, Amelia Greenwald, at the foreclosure sale for an amount which was approximately $500.00 less than the total amount of the final decree.

Order was issued by the trial court, upon a sworn petition of complainant supported by affidavits, requiring

the appellee, purchasers of said fixtures and furniture, to either return or show cause why said property should not be delivered to the general master in said cause, said property being designated more particularly as follows:

All electric switches, switch plates, switch boxes and electrical appliances formerly used in said theatre. 2 large lobby mirrors. All ornamental bells. Exit boxes and lights. Box office. And all other equipment now in your possession which was removed from the Rialto Theatre of Little River, Florida;

Pursuant to said order appellee Chas. Walder filed answer that the foreclosure was of a purchase money mortgage encumbering the realty only and did not encumber the fixtures or furniture in the building and that he was a purchaser for value and that to his knowledge complainant had no interest in said property. The issue joined, on said petition and answer, was heard before the chancellor upon evidence adduced by both parties, and an order was issued discharging Walder from the rule and quashing the order to show cause.

It appears that the major question to be adjudicated is whether the fixtures removed from the mortgaged property were of the nature and character as to become under the law and the facts additional security for the said mortgage as part of the tenements, hereditaments and appurtenances. If this question may be properly answered in the affirmative as to substantial items of property so removed, then the order dismissing the respondent was error. Likewise, this would also determine the other issues raised adversely to the order of the trial court as to (1) jurisdiction of the property and the respondents to the rule to show cause,

(2) the disposal of the property "prior to the master's sale," and (3) as to there being a full and complete remedy at law. The order dismissing the respondent and quashing the rule to show cause is as follows:

"This cause came on to be heard upon the petition of the complainant for an order directing Chas. Waller, Tivoli Theatre, Inc., and A. Wallerstein to appear before the court and show cause why certain property alleged by complainant to be covered by the lien of complainant's mortgage, and which was severed from the freehold, should not be delivered to petitioner, and upon the rule to show cause issued in accordance with the prayer of said petition bearing date April 5, 1928, at 11:00 o'clock A. M., the said rule having been served on respondents by the Sheriff of Dade County on the 5th day of April, 1928; also upon the answer of the respondents; and the court having heard evidence adduced on the part of complainant and also on the part of respondents; after argument of counsel and being fully advised in the premises,

"The Court finds that it has not jurisdiction of the respondents nor of the property, the subject matter of the petition, for reasons following, to-wit:

"1. Respondents were not parties to the original foreclosure suit, nor were they purchasers of the property at master's sale.

"2. It appears that respondents acquired title to certain personal property said to be covered by the lien of the mortgage before sale of the mortgaged premises by the master in chancery.

"3. That some of the articles listed in the bill of sale filed in evidence by the respondents appear to be movable property and not a fixture, etc., while other ar-

ticles, such as the electric fixtures, etc., may have been a party of the realty, but which was severed and disposed of to respondent by the owner of the fee prior to the master's sale.

"4. Because complainant has a full, complete and adequate remedy at law.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the respondents, Chas. Waller, Tivoli Theatre, Inc., and A. Wallerstein, be and they are hereby discharged from the rule to show cause, and that the said respondents go hence without day, and that the complainant's petition for the rule be dismissed, and the rule or order to show cause be and the same is hereby quashed."

It is observed that the court did not determine whether any, and if so, what articles were "movable property and not fixtures," nor what "other articles such as the electric fixtures, etc., may have been a part of the realty," which were servered and disposed of to respondent by the owner of the fee, Tinto Company, Inc.

There is no final judgment as to the major issue in the case, which is a determining factor as to all other issues raised, and determining that issue as to articles so removed in favor of the petitioner to show cause would *ipso facto* determine all other questions against contentions of appellee, Walder, as to jurisdiction of the fixtures, of the respondent, etc.

"The term 'fixture' is generally used in reference to some originally personal chattel, which has been actually or constructively affixed either to the soil itself or to some structure legally a part of such soil. It has been defined as denoting an article which was once a chattel, but which, by being physically annexed

or affixed to the realty, has become accessory to it and part and parcel of it; or as signifying something so attached to the realty as to become, for the time being, a part of the freehold, as contradistinguished from a mere chattel; something annexed to a freehold for use in connection therewith; something so annexed to a freehold that it cannot be removed without injury to the freehold." 11 R. C. L. 1058, Sec. 2.

"The general course of modern decisions, in both English and American courts, is against the common law doctrine that the mode of annexation is the criterion, whether slight and temporary, or immovable and permanent, and in favor of declaring all things to be fixtures which are attached to the realty with a view to the purposes for which it is held or employed. This has led to the formulation and recognition of three general tests which may be applied in determining a particular case, namely, first annexation to the realty, either actual or constructive; second, adaptation or application to the use or purpose to which that part of the realty to which it is connected is appropriated; and third, intention to make the article a permanent accession to the freehold." 11 R. C. L. 1059, Section 3.

In Seedhouse v. Broward, 34 Fla. 509, 523, 16 So. R. 425, this Court said:

"We think the allegations of the bill to the effect that the engine, boiler and machinery mentioned were put upon the land mortgaged and became an appurtenant thereto as part of the realty and became fixtures thereon, and part of the security for the complainant's claim, are sufficient to put the defendants to their answer to meet it. If their annexation to the

land was made under such circumstances as to stamp them with the attributes of fixtures, it makes no difference that they were placed upon the land. subsequently to the execution of the mortgage, as between the mortgagor and mortgagee and persons with notice, they became subject to the lien of the mortgage without any special mention of them being made in the mortgage'' Citing 8 A. & E. Ency. Law, 50, *et seq;* 1 Jones on Mortgages (4th Ed.), Sec. 428 *et seq.* See also Brown v. Marzyck, 19 Fla. 840.

The above decision further held that:

"In establishing the fact whether a given thing is or is not a fixture upon land, the intention of the owner in placing it there, to be gathered from his declarations, and from the character, relations and purposes of the property, is an important element, sometimes of controlling importance." Citing many cases.

The evidence taken before the chancellor upon the issues shows that the respondent Chas. Walder took the property with both constructive and actual notice of the mortgage being foreclosed on the premises. It would also appear that it must have been the intention of the owner to place these "fixtures," as distinguished from "furniture," in the walls in the theatre as permanent fixtures or improvements. The building appears to have been constructed as a moving picture theatre. The owner of the premises bought the property covered by the mortgage from the original mortgagors which would place the owner in the same position as to added improvements as the mortgagors, with reference to the issues here raised.

"If one who has bought the interest of a mortgagor in land attaches to it a chattel which he owns, the question whether this is subject to the mortgage is determined by the same rule that applies to articles annexed by the mortgagor." 41 A. L. R. 616.

The same authority also lays down the following general rule:

"One who purchases a chattel which has been annexed to land so as to be subject to a mortgage previously executed on the land takes it subject to the lien of the mortgage. This lien, once it has attached, is not terminated by the sale of the fixture, and the article which is covered by it cannot be removed from the premises without the consent of the mortgagee." 41 A. L. R. 621. See cases there cited.

The above authority also states the following rule:

"The fact that chattels annexed to land by a mortgagor may be what are commonly known as trade fixtures does not affect the right of the mortgagee to them, as part of his security." 41 A. L. R. 614, citing Seedhouse v. Broward, *supra*. "It is a general rule that any chattel which is owned by the mortgagor of real estate, and which, after the execution of the mortgage, he annexes to the realty so that it becomes a part thereof, becomes subject to the mortgage, even though not mentioned therein." 41 A. L. R. 601; 42 C. J. 249, Sec. 1893.

As to the question whether the court had jurisdiction of the property and the respondents in the rule to show cause, this Court held in the case of Elizabethport Cordage Co. v. Whitlock, 37 Fla. 190, 20 So. R. 255, that a purchaser *pendente lite* is bound by the judgment or decree rendered against the party from whom he makes the purchase as

much so as though he had been a party to the judgment or decree himself. In another case it was held that:

"They take the risk of the result of the suit, and are concluded by the decree therein, and it is not necessary that they should be made parties thereto. Such is the general doctrine of *lis pendens.*" Leuders v. Thomas, 35 Fla. 518, 17 So. R. 633, 48 A. S. R. 255; Intermediary Fin. Corp. v. McKay, 93 Fla. 101, 111 So. R. 531.

A *lis pendens* was duly filed in the foreclosure suit here involved, and at the time of the severance of the property from the building it was merged into the final decree, which would include all property in the building considered under the law as fixtures as distinguished from furniture. There were several articles of furniture such as typewriter, office desks, electric fans, filing cabinet, etc., that might be considered furniture which could be removed without in any way marring the building as they are not usually attached thereto, nor usually classed as appurtenances or improvements in mortgage foreclosures.

The order of the chancellor should be reversed with directions to enter an order determining what articles removed from the building were fixtures within the contemplation of the law and covered by the mortgage; and upon such finding to direct that those articles which are so found subject to the mortgage, if any, be returned to the general master for disposition according to law, and that those articles not coming under said designation be retained by the appellee, Chas. Walder.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the

Court that the order of the chancellor be and the same is hereby reversed with directions to enter an order determining what articles removed from the building were fixtures within the contemplation of the law and covered by the mortgage; and upon such finding to direct that those articles which are so found subject to the mortgage, if any, be returned to the general master for disposition according to law, and that those articles not coming under said designation be retained by the appellee, Chas. Walder.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.