927 So.2d 1005 (2006)
Vincent P. IANNAZZO and Edward Schweizer, Appellants,
v.
Milton E. STANSON, Appellee.
No. 4D05-1996.
District Court of Appeal of Florida, Fourth District.
April 19, 2006.
Rehearing Denied May 26, 2006.
Steven H. Meyer, Boca Raton, for appellants.
Seth V. Alhadeff, Lawrence D. Ross and J. Michael Riordan of Bressler, Amery & Ross, Miramar, for appellee.
*1006 MAY, J.
The effect of a valid lis pendens resolves the myriad of issues raised in this appeal. The defendants Iannazzo and Schweizer appeal an order enforcing orders and judgments entered by a New York trial court. They argue the Florida trial court erred in enforcing these orders and judgments because the New York court had neither personal jurisdiction over Schweizer nor in rem jurisdiction over the Florida real estate involved. They raise numerous other issues including whether the Florida court ordered relief beyond that requested. We affirm in all respects except to the extent the trial court enjoined Schweizer from the transfer of assets unrelated to the New York orders and judgments. We reverse and remand the case to the trial court to correct a scrivener's error and to limit the injunction against Schweizer in accordance with this opinion.
The plaintiff Stanson and the defendant Iannazzo were business partners. Iannazzo originally sued the plaintiff in New York seeking to enforce a settlement agreement regarding their business partnerships. The plaintiff counterclaimed for dissolution of their various business partnerships and sought money damages for fraud, breach of fiduciary duty, and unjust enrichment. Part of the dispute involved Iannazzo's acquisition of real estate in Fort Lauderdale, Florida.
The New York trial court issued extensive findings of fact and an order on November 24, 2003. With respect to the Fort Lauderdale property, the New York court found Iannazzo had purchased the home with partnership funds even though he titled the house in his name alone. The court concluded the Fort Lauderdale property and any proceeds from its sale were partnership assets and were to be treated as such for purposes of an accounting.
The New York court ordered the escrow of certain funds including the proceeds from the sale of the Fort Lauderdale property, determined the plaintiff was entitled to half these funds, and entered a judgment for $927,493. The court ordered Iannazzo to refrain from transferring any assets other than those necessary for ordinary living expenses. Meanwhile, Iannazzo used the proceeds from the sale of the Fort Lauderdale property to purchase another home in Boca Raton.
While the New York trial was pending, the plaintiff filed a notice of lis pendens in Palm Beach County, dated October 20, 2003, advising the Boca Raton property was subject to the New York lawsuit. On February 2, 2004, Iannazzo executed a warranty deed conveying the Boca Raton property to Schweizer. On August 10, 2004, the plaintiff recorded the New York money judgment for $927,493 with the clerk of court for Palm Beach County, Florida.
The plaintiff filed the complaint in this case on October 5, 2004, naming Iannazzo and Schweizer as defendants. He sought a constructive trust and equitable lien on the Boca Raton property and an injunction to prevent Iannazzo and Schweizer from transferring or encumbering the Boca Raton property.
The New York court entered two additional orders on February 7, 2005. One order confirmed a special referee's report in which the referee concluded "the monies used to purchase the Boca Raton property are clearly traceable to the proceeds obtained from the sale of the Fort Lauderdale property." The other order appointed a receiver.
In the order confirming the special referee's report, the New York court concluded "the conduct of Iannazzo in conveying the Boca Raton Property on February 2, 2004 to Schweizer was in clear violation of *1007 an order issued by a Justice of this Court." It then declared "the conveyance of the Boca Raton Property ... from Iannazzo to Schweizer is [] null and void ab initio." The New York court ordered Iannazzo to provide a deed conveying his right to the Boca Raton property to the receiver.
On March 18, 2005, the plaintiff filed a motion in Florida to enforce the New York orders and judgments. The Florida court determined the New York money judgments of December 22, 2003 and December 15, 2004, and the orders of February 7, 2005, should be enforced in the same manner as a judgment of a court of Florida. Pursuant to the New York order of February 7, 2005, the trial court declared the conveyance of the Boca Raton property from Iannazzo to Schweizer void ab initio. The court "acknowledge[d]" the New York receiver and ordered Iannazzo to immediately transfer his interest in the property to the receiver. The Florida court enjoined both Iannazzo and Schweizer from interfering with the receiver's possession of the property and from transferring any assets except those necessary for ordinary living expenses.
Iannazzo and Schweizer raise several issues concerning jurisdiction. They suggest the trial court had no personal jurisdiction over Schweizer and no in rem jurisdiction over the Florida property. While both arguments appear to have independent merit, they are irrelevant to the disposition of this case because the valid lis pendens dictates the result.
"Notices of lis pendens are recorded for two purposes: to protect future purchasers or encumbrancers of the property from becoming `embroiled' in the dispute, and to protect the plaintiff from `intervening liens that could impair any property rights claimed and also from possible extinguishment of the plaintiff's unrecorded equitable lien.'" Fischer v. Fischer, 873 So.2d 534, 536 (Fla. 4th DCA 2004) (quoting Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993)). The notice provided by a lis pendens "is as efficient against a valid transfer or incumbrance of the property described in it as an injunction would be, and that such a notice binds all parties to the action together with all purchasers from them and all parties under them subsequently to the filing of the same." Seligman v. N. Am. Mortgage Co., 781 So.2d 1159, 1162 (Fla. 4th DCA 2001) (quoting Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 So. 191 (1909) (citation omitted)). One who purchases property subject to a lis pendens "is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself." Greenwald v. Graham, 100 Fla. 818, 130 So. 608, 611 (1930).
Here, the plaintiff recorded the lis pendens in the proper location, named the parties to the lawsuit, described the property affected, and identified the relief requested. For those reasons, the New York court did not need to exercise personal jurisdiction over Schweizer to declare the transfer to him void. Schweizer took the Boca Raton property in the face of the lis pendens. He is therefore bound by the New York judgments and orders as much so as though he had been a party to them himself. Greenwald, 130 So. at 611.
An out-of-state court may render a judgment affecting property located in Florida so long as the out-of-state court has jurisdiction over the parties to the lawsuit. See Gardiner v. Gardiner, 705 So.2d 1018, 1020 (Fla. 5th DCA 1998); Dusesoi v. Dusesoi, 498 So.2d 1348, 1350 (Fla. 2d DCA 1986). While the New York court did not have in rem jurisdiction over *1008 the Boca Raton property, it did have personal jurisdiction over Iannazzo, and Schweizer took the property in the face of a lis pendens. He is therefore bound by the outcome of the New York lawsuit. Greenwald, 130 So. at 611.
Schweizer argues the trial court erred by entering an order that went beyond the New York trial court's orders and judgments. Specifically, he argues the trial court's order froze all of his assets. The Florida court ordered both Iannazzo and Schweizer to transfer the Boca Raton property to the receiver and enjoined them from transferring or further encumbering the property. To this extent the order conformed to the relief requested. However, the Florida court also enjoined both Iannazzo and Schweizer from "transferring or conveying any assets except those necessary for ordinary living expenses." Schweizer's only connection to this lawsuit was the Boca Raton property. The court erred in enjoining Schweizer from the transfer of any of his assets that were unrelated to this property.[1]
We reverse and remand the case to the trial court to correct the noted scrivener's error and to limit the injunction accordingly.
Affirmed.
GROSS, J., and IMPERATO, CYNTHIA G., Associate Judge concur.
NOTES
[1] In its order, the Florida court referred to the Uniform Out-of-country Foreign Money-Judgment Recognition Act ("The Recognition Act"). See §§ 55.601-.607, Fla. Stat. (2005). The Recognition Act applies to judgments by a foreign state, meaning any governmental unit other than the United States or a state therein. § 55.602, Fla. Stat. (2005). The proper statute, however, is the Florida Enforcement of Foreign Judgments Act ("FEFJA"), sections 55.501-.509, Florida Statutes (2005). However, the requirements for The Recognition Act are the same as the requirements of FEFJA. Thus, compliance with one necessarily satisfies the other. On remand, however, the Florida court should correct the order to reflect the proper statute.