IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRUST NO. 602W0 DATED 7/16/15,
DEMA INVESTMENTS, LLC,

      Appellant,

 v.                               Case No. 5D15-4334

WELLS FARGO BANK, N.A.,
PATRICIA A. HARBAUGH
AND SABAL POINT PROPERTY OWNERS
ASSOCIATION, INC.,

      Appellees.

_____/

Opinion filed December 22, 2016

Appeal from the Circuit Court
for Seminole County,
Jessica J. Recksiedler, Judge.

Shannan M. Field, of The Law Office of
Shannan M. Field, P.A., Titusville, and
Aaron W. Saoud, of Saoud Law &
Associates, P.A., Tampa, for Appellant.

Nicole R. Ramirez, of eXL LEGAL, PLLC,
St. Petersburg, for Appellee, Wells Fargo
Bank, N.A.

No Appearance For Other Appellees.

PER CURIAM.

     Trust No. 602W0 dated 7/16/15, DEMA Investments, LLC as Trustee ("the Trust"),

appeals from the denial of its motion to intervene into a foreclosure lawsuit filed by Wells

Fargo Bank, N.A. Because the Trust was a purchaser pendent lite, we affirm.

On January 20, 2015, Wells Fargo filed a foreclosure complaint against Patricia Harbaugh and Debra Mascher, the owners of the subject property. That same day, Wells Fargo filed a notice of lis pendens for the subject property. After a default was entered against the property owners, defense counsel filed a notice of appearance both on behalf of Harbaugh and Mascher and on behalf of the Trust. The Trust also filed a "Motion to Intervene or Substitute or Joinder." The Trust asserted that it was a necessary party to the litigation because the original defendants transferred the deed for the subject property to the Trust on July 16, 2015, giving it a due process right to be a party to the action and to assert any applicable defenses. The trial court denied the Trust's motion.

The Trust argues that the trial court erred in denying the motion for intervention, substitution, or joinder because (1) it was a necessary and indispensable party to the proceedings; (2) it purchased the ability to participate in the case when it purchased the deed to the subject property; (3) it was assigned the litigation rights to this case by the initial defendants and was therefore a real party in interest; and (4) due process principles would be violated if it were not allowed to intervene.

The Trust is incorrect. A person who purchases property that is the subject of a foreclosure lawsuit in which the bank has previously filed a lis pendens is a purchaser pendente lite. See Bymel v. Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015). The law is well settled that a purchaser pendente lite is not entitled to intervene or otherwise be made a party to the ongoing lawsuit. See, e.g., Greenwald v. Graham, 130 So. 608, 611 (Fla. 1930) ("[A] purchaser pendente lite is bound by the judgment or decree rendered against the party from whom he makes the purchases as much so as though he had been a party to the judgment or decree himself."); Timucuan Props. v. Bank of

2

N.Y. Mellon, 135 So. 3d 524, 524 (Fla. 5th DCA 2014) ("This court is committed to the doctrine that a purchaser pendente lite is not entitled to intervene." (quoting Intermediary Fin. Corp. v. McKay, 111 So. 531, 531 (Fla. 1927))).

In this case, the Trust took ownership of the property with notice of the pending foreclosure litigation, in which Wells Fargo had filed a lis pendens. As a purchaser pendente lite, the Trust was not entitled to intervene in the foreclosure proceedings. See Greenwald, 130 So. at 611 (noting that purchasers pendente lite "take the risk of the result of the suit, and are concluded by the decree therein. It is not necessary that they should be made parties thereto. Such is the general doctrine of lis pendens.").

AFFIRMED.

COHEN, BERGER and WALLIS, JJ., concur.