IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


INVESTOR TRUSTEE SERVICES, LLC,

      Appellant,

 v.                                                                    Case No.  5D15-3082

DLJ MORTGAGE CAPITAL, INC., ET AL.,

      Appellees.

_____/

Opinion filed April 7, 2017

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Jonathan F. Bull, The Liberty Law Team,
Longwood; and Kelley A. Bosecker, St.
Petersburg, for Appellant.

David Rosenberg, Robert R. Edwards and
Heidi J. Bassett, of Robertson, Anschutz &
Schneid, P.L., Boca Raton, for Appellee,
DLJ Mortgage Capital, Inc..

No Appearance for Appellee, Craig Kelling.


PER CURIAM.

      Whoever purchases property that is the subject of a foreclosure lawsuit in which a

mortgagee has previously filed a lis pendens is a purchaser pendente lite.  See Bymel v.

Bank of Am., N.A., 159 So. 3d 345, 347 (Fla. 3d DCA 2015).  The law is well settled that

a purchaser pendente lite is not entitled to intervene or otherwise be made a party to the ongoing lawsuit. Dema Invs., LLC v. Wells Fargo Bank, N.A., 207 So. 3d 977 (Fla. 5th DCA 2016); Timucuan Props. v. Bank of N.Y. Mellon, 135 So. 3d 524, 524 (Fla. 5th DCA 2014) ("This court is committed to the doctrine that a purchaser pendente lite is not entitled to intervene." (quoting Intermediary Fin. Corp. v. McKay, 111 So. 531, 531 (Fla. 1927))).

AFFIRMED.

ORFINGER, TORPY and EVANDER, JJ., concur.

2