IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PNC BANK, NATIONAL ASSOCIATION,

     Appellant,

 v.                                                                    Case No. 5D16-2887

MDTR, LLC AS TRUSTEE UNDER 13232
SUGARBLUFF LAND TRUST AND
GARY C. FLAGG,

     Appellees.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Lake County,
Sandra E. Champ, Judge.

William L. Grimsley, N. Mark New II, and
Derek K. Mountford, of McGlinchey
Stafford, Jacksonville, for Appellant.

Gregory K. Mausser, of The Law Office of
Gregory K Mausser, P.A., Sanford, for
Appellee.

PER CURIAM.

     In this foreclosure suit, PNC Bank, National Association ("PNC") appeals a final

judgment awarding attorney's fees to MDTR, LLC as Trustee under 13232 Sugarbluff

Land Trust ("MDTR") and applying a contingent risk multiplier to that award. Because

MDTR was not a party to the mortgage and therefore was not entitled to prevailing party attorney's fees, we reverse.[1]

PNC initiated the foreclosure suit against Gary and Lori Flagg, who defaulted on the subject note in March 2012. In 2013, MDTR was substituted in the proceedings. The Flaggs had filed for bankruptcy and were granted a discharge; MDTR purchased the subject property from the bankruptcy trustee. PNC proceeded against MDTR, ultimately dropping the Flaggs as parties to the foreclosure proceeding before trial. In 2015, PNC voluntarily dismissed the foreclosure complaint, and MDTR subsequently moved for prevailing party attorney's fees pursuant to the mortgage.

At the hearing on the motion for attorney's fees, MDTR argued that as a substituted party in interest, and based on the reciprocity provisions of section 57.105(7), Florida Statutes (2015),[2] it was entitled to attorney's fees due to PNC's voluntary dismissal of the foreclosure action. PNC countered that MDTR was not a party to the mortgage contract and therefore not entitled to prevailing party fees. The trial court agreed with MDTR, finding that it was entitled to fees pursuant to the mortgage and section 57.105(7).

---

[1] We do not address the parties' arguments regarding the propriety of a contingent risk multiplier because the reversal of the attorney's fee award renders the application of a multiplier to that award moot.

[2] See § 57.105(7), Fla. Stat. ("If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."). Alternatively, MDTR moved for fees as a sanction under section 57.105(1), based on PNC's alleged failure to respond to a request for admissions. However, the trial court found that the only basis for MDTR's entitlement to attorney's fees was section 57.105(7), and MDTR does not challenge that ruling on appeal.

Paragraph 22 of the mortgage at issue provides, "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." Section 57.105(7) dictates that this provision would equally apply to the borrower. See § 57.105(7), Fla. Stat. Nonetheless, "a stranger to the contract cannot recover attorney's fees based on the contract." Sand Lake Hills Homeowners Ass'n v. Busch, 210 So. 3d 706, 709 (Fla. 5th DCA 2017) (citing HFC Collection Ctr., Inc. v. Alexander, 190 So. 3d 1114, 1116–17 (Fla. 5th DCA 2016)); see also Fla. Cmty. Bank, N.A. v. Red Rd. Residential, LLC, 197 So. 3d 1112, 1116 (Fla. 3d DCA 2016) ("Only the parties to a contract may avail themselves of section 57.105(7)'s entitlement to attorney's fees."). MDTR bore the burden of demonstrating that it was a party to the mortgage in order to be entitled to prevailing party attorney's fees. See Fla. Cmty. Bank, N.A., 197 So. 3d at 1116.

MDTR's argument that it became a party to the mortgage because it purchased the subject property from the bankruptcy trustee and was substituted in the foreclosure proceedings is unpersuasive. MDTR received the trustee's deed and was substituted as a party after PNC filed the foreclosure complaint and recorded the lis pendens in this case. Thus, MDTR was not even entitled to intervene or be substituted in the proceedings.[3] Moreover, the status of prevailing party does not equate to the status of a

---

[3] The purchaser of property subject to foreclosure proceedings where the bank has already filed a lis pendens is a "purchaser pendente lite." Tr. No. 602W0 Dated 7/16/15, Dema Invs., LLC v. Wells Fargo Bank, N.A., 207 So. 3d 977, 978 (Fla. 5th DCA 2016). "The law is well settled that a purchaser pendente lite is not entitled to intervene or otherwise be made a party to the ongoing lawsuit." Id. (citations omitted). However, PNC did not raise this issue below, and it does not challenge MDTR's right to intervene on appeal. Thus, PNC has waived any claim that MDTR should not have been made a party to the lawsuit. See, e.g., Pealer v. Wilmington Tr. Nat'l Ass'n for MFRA Tr., 212 So.

mortgagor under the mortgage "so as to trigger section 57.105(7)'s reciprocity provision." Id. "Only a mortgagor under the subject mortgage is due such reciprocity." Id. Here, MDTR was not the mortgagor or otherwise a party to the contract.

In addition, MDTR did not assume the mortgage; rather, it took the property subject to PNC's mortgage. Thus, MDTR did not have a "legally cognizable interest" in the foreclosure proceeding. See Whitburn, LLC v. Wells Fargo Bank N.A., 190 So. 3d 1087, 1091–92 (Fla. 2d DCA 2015) (finding that a subsequent purchaser's "interest in [the] foreclosure proceeding is not a legally cognizable interest because even though it now holds legal title to the property, it purchased the property subject to [the bank's] foreclosure proceeding and superior interest in the property").

MDTR's reliance on the trustee's deed as an assignment that gave it contractual rights against PNC is unavailing. The deed provided:

> This conveyance is subject to all accrued and accruing taxes and assessments, and all liens, encumbrances, covenants, conditions, restrictions and actions of record or otherwise, except nothing herein shall operate to re-impose same. The Grantee and its successors, and/or assigns shall have the benefit of any defense available to the Grantor, debtor or to the debtor's bankruptcy estate as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses.

While the deed purported to assign MDTR the right to defend against foreclosure proceedings, nothing in the deed assigned MDTR an interest in the note or mortgage. Instead, the transfer was subject to all existing liens against the property, including PNC's mortgage. Thus, again, because MDTR took the property subject to the mortgage, it did

---

3d 1137, 1138 (Fla. 2d DCA 2017) (Sleet, J., concurring) (citing Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 192 n.2 (Fla. 2d DCA 2016)).

4

not become a party to the mortgage, and it was not entitled to attorney's fees under the contractual provisions in the mortgage. See, e.g., Novastar Mortg., Inc. v. Strassburger, 855 So. 2d 130, 131 (Fla. 4th DCA 2003) (concluding that defendants who purchased property subject to foreclosure proceeding at a different foreclosure proceeding on the same property were not parties to the mortgage, thus they were not entitled to recover prevailing party attorney's fees under the mortgage); see also Wells Fargo Bank Nat'l Ass'n for Morgan Stanley ABS Capital, MSAC 2007-HE3 v. Bird, No. 5D16-669, 2018 WL 300655, at *1 n.1 (Fla. 5th DCA Jan. 5, 2018) (noting that awarding contractual attorney's fees to and against non-parties to a contract "is clearly not permissible").

Accordingly, we reverse the order granting attorney's fees to MDTR.

REVERSED.

COHEN, C.J., ORFINGER and WALLIS, JJ., concur.