HENDRY, Chief Judge.
Brunswick Corporation, as lessee of certain premises, petitioned the lower court to remove Berlo Vending Company from occupancy of a portion of the leased premises. Brunswick appeals from an order dismissing the petition.
The real estate upon which the premises called Congress Bowl is located is owned by Henry G. Berke, Morris Posner and Victor Posner, as trustees. On March 7, 1961, the owner leased the premises to Congress Lanes, Inc. On June 27, 1961, Congress Lanes leased a portion of the premises to Berio Vending Company to be used as a snack bar and cocktail lounge. Berio’s lease is for a period of five years with two options to extend for additional periods of five years.
On July 22, 1964, the owner and Congress Lanes entered into an agreement under which the owner agreed to pay the sum of $3,000.00 to Congress Lanes for possession of the Congress Bowl premises. The agreement provided that when all its terms and conditions shall have been complied with the lease existing between the parties shall be deemed cancelled. Following the surrender of the premises by Congress Lanes, Berio was instructed to make its payments, as set forth in its lease with Congress Lanes, to the owner
Subsequently, the owner entered into a lease, dated February 27, 1965, with Brunswick. Prior to the date of the lease Brunswick had knowledge of Berio’s occupancy and its lease. After Brunswick took possession, Berio made its payment to it.
On May 4, 1965, Brunswick notified Berlo that it was a tenant at will and demanded that it remove itself from the premises by May 31, 1965. The demand was refused and Brunswick filed its petition for removal.
A surrender by a lessee, after a sub-lease, will not defeat the estate of a sub-lessee.[1]
 Brunswick’s contention that Berio is a tenant at will is without merit. The interests of Berio were not defeated by the agreement entered into beween the owner and the lessee, Congress Lanes. Brunswick’s contention that the agreement between the owner and Congress Lanes was not effective as a surrender of the lease is also without merit.
Therefore, the order appealed is affirmed. '
Affirmed.

. Goldberg v. Tri-States Theatre Corporation, 126 F.2d 26, 28 (8th Cir. 1942). See footnote 2 at p. 28 for citation of authorities.