512 So.2d 246 (1987)
Emory C. BOBO, Appellant,
v.
VANGUARD BANK AND TRUST COMPANY, INC., Appellee.
No. BO-147.
District Court of Appeal of Florida, First District.
August 18, 1987.
Rehearing Denied September 23, 1987.
*247 James G. Etheredge, of Etheredge, Miller, Lorenz, Lungstrum and Heflin, P.A., Fort Walton Beach, for appellant.
James E. Moore and Bert Moore, of Moore & Moore, P.A., Niceville, for appellee.
BARFIELD, Judge.
Bobo appeals a final order of foreclosure finding Bobo's sublease of a portion of a parcel to have been foreclosed in appellee's foreclosure of a mortgage on a lease of the entire parcel. We find the trial court erred and reverse.
The Dubandy Corporation leased a portion of Okaloosa Island to operate an amusement park. In turn, Dubandy subleased a portion of the premises to Bobo to operate a roller coaster. The sublease was duly recorded in the official records. Several years later, Dubandy gave appellee's predecessor in interest a mortgage on the leased property. Dubandy later defaulted on the promissory note secured by the mortgage. Dubandy did not reopen the amusement park in which appellant's ride was located. Appellee Vanguard Bank and Trust Co. sought to foreclose the mortgage and also sought a declaratory judgment as to its rights under the sublease held by Bobo. The trial court found that the sublease was dependent upon the underlying master lease and that Bobo had abandoned the sublease. Thus, as appellee's rights were found to be superior to Bobo's, the trial court ordered the sublease foreclosed along with the mortgage.
Contrary to the trial court's conclusion, foreclosure of a mortgage on the master lease would not foreclose Bobo's sublease. A surrender by a lessee of its interest in a leasehold, after a sublease has been entered, does not defeat the estate of the sublessee. Brunswick Corp. v. Berlo Vending Co., 196 So.2d 497 (Fla. 3d DCA 1967). While the sublease might rise and fall with the master lease, the master lease itself does not fall in this case; only a mortgage on that master lease is foreclosed. The master lease itself will continue to exist, but with a new lessee. Thus, the successor in interest to the lessee/sublessor, in this case appellee, would take the leased premises subject to Bobo's outstanding sublease.
As to the second point, it has been said that proof of abandonment of leased premises requires that there must be "an intent to abandon and conduct by which the intention is carried into effect, or such a relinquishment by the tenant as will justify an immediate resumption of possession by the landlord. Where there is such a relinquishment, there is a sufficient abandonment or surrender." 51 C.J.S. Landlord and Tenant, § 125(2) (1968). Abandonment of property requires a showing of actual acts of relinquishment accompanied by an intention to abandon. 1 Fla.Jur.2d Abandoned, Lost, and Escheated Property § 2 (1977). In Hunt v. Hiland, 366 So.2d 42 (Fla. 4th DCA 1978), cert. denied, 376 So.2d 72 (Fla. 1979), the court rejected a finding that the lessee had abandoned the premises where it was shown the lessor and lessee were attempting to renegotiate the lease, even though the lessee had failed to pay rent. The fact that there were ongoing discussions precluded an inference that the lessee had intended to abandon the leased premises.
No evidence appears in this record to support a conclusion that Bobo intended to abandon the subleased premises or that he made any overt act from which such an intent to abandon could be presumed. Appellee acknowledges in its complaint that there were ongoing negotiations or discussions as to appellant's rights under the sublease. The existence of such negotiations would preclude an inference that Bobo had intended to abandon these premises. The other evidence at trial does not demonstrate any intent or act by Bobo to relinquish any claim in this sublease. The fact that he may have been in default as to *248 certain provisions of the lease does not in and of itself lead to the conclusion that he had abandoned the premises.
It is unnecessary to address the remaining issues as they are disposed of by reason of this opinion or are otherwise without merit. Accordingly, the trial court's order is REVERSED and the case is REMANDED for entry of an order consistent with this opinion.
SHIVERS and NIMMONS, JJ., concur.