625 So.2d 852 (1993)
Edward THAL and Leonard Thal, As Partners of E & L Thal Partnership, a Florida Partnership, Appellants,
v.
S.G.D. CORPORATION, a Florida Corporation, and the City of Miami Beach, Appellees.
No. 92-2676.
District Court of Appeal of Florida, Third District.
August 10, 1993.
Rehearing Denied November 9, 1993.
Kwitney, Kroop & Scheinberg and Richard I. Kroop, Miami Beach, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Arthur J. England, Jr., and Elliot H. Scherker, Miami, for appellants.
Joseph P. Averill, Miami, for S.G.D. Corp.
Robert A. Butterworth, Atty. Gen., and L. Rosillo Mulligan, Asst. Atty. Gen., for the City of Miami Beach.
Before JORGENSON, LEVY and GERSTEN, JJ.
PER CURIAM.
In this eviction proceeding, we reverse the trial court's order refusing to evict a sublessee after the cancellation of the master lease between the landlords and the original tenant.
Edward and Leonard Thal, the lessors, own real property on Miami Beach which had been leased under a long-term lease to Foljan, Incorporated, the lessee. The lessee, in turn, held the property as sublessor to S.G.D. Corporation, the sublessee. One of the conditions of the master lease between the lessors and the lessee was that the lessee pay the property taxes assessed on the premises. The lessee failed to do this for 1987-1990, causing arrearages of $103,763.31. As a result of this default, the lessors commenced eviction proceedings against both the lessee and the sublessee. Before the eviction suit reached final judgment, the lessee and the lessors entered into a settlement agreement, whereby they exchanged consideration, and agreed to treat the master lease as cancelled. The sublessee, who was in possession of the premises, refused to settle. The eviction suit proceeded against the sublessee to a final judgment, in which the trial court refused to evict the sublessee, apparently because the sublessee stood to lose some $400,000 in improvements it had made to the premises. The lessors now appeal.
*853 It is a well-settled principle of land-lord-tenant law that a sublease rises and falls with the master lease, and that a sublessee can take no greater rights in demised property than its sublessor. See Bobo v. Vanguard Bank and Trust Co., Inc., 512 So.2d 246, 247 (Fla. 1st DCA 1987); 34 Fla.Jur.2d Landlord & Tenant § 94 (1982); see also Roger A. Cunningham et al., The Law of Property § 6.68, at 385 (1984) ("Since the subtenancy is carved out of the head leasehold, an early termination of the head tenancy should cause the subtenancy to fall in."). Here, the master lease was cancelled as a result of the default of the lessee in not paying the property taxes. Since the master lease fell, the sublease fell as a matter of law, and the sublessee should have been evicted.
The sublessee, however, makes two contentions in support of the trial court's ruling. First, the sublessee argues that the settlement of the eviction action between the lessors and the lessee constituted a voluntary surrender of the master lease, rather than a cancellation, thereby invoking the principle of law that the voluntary surrender of a master lease does not extinguish a sublease. Bobo, 512 So.2d at 247; Brunswick Corp. v. Berlo Vending Co., 196 So.2d 497, 498 (Fla. 3d DCA 1967). We disagree. The lessors' complaint sought both eviction (Count I) and cancellation (Count III) of the master lease, and had been filed based upon a default on the master lease. The fact that this suit was settled, rather than pursued to a final judgment, does not convert the outcome from a cancellation into a voluntary surrender. See Fifth and Broadway Partnership v. Kimny, Inc., 102 Cal. App.3d 195, 162 Cal. Rptr. 271, 276-77 (Cal.Dist.Ct.App. 1980); Lippe v. Professional Surgical Supply Co., Inc., 132 Misc.2d 293, 503 N.Y.S.2d 254, 256 (N.Y. Civ. Ct. 1986); 49 Am.Jur.2d Landlord & Tenant § 1059 (1970); 51C C.J.S. Landlord & Tenant § 129(b) (1968). This conclusion is even more apparent upon examination of the settlement agreement, which called for "entry of a Final Judgment in favor of [lessors] on Count I and III" of the complaint.
Second, the sublessee strenuously urges that we consider the $400,000 in improvements made to the premises, and invoke equitable grounds to protect the sublessee. However, the leases involved here were commercial agreements between sophisticated business people dealing at arm's length. The sublessee was aware of the master lease, and aware of its express requirement that any subletting was subject to the terms of the master lease. "Anyone taking a subtenancy should be aware of his vulnerability... and should have some arrangements with the tenant or head landlord to protect himself." Cunningham et al., supra, § 6.68, at 385. We see no reason to decide this commercial dispute on equitable grounds.
Reversed.