PLEUS, J.
Cascella appeals a non-final order of eviction[1] issued pursuant to section 83.232(1), Florida Statutes (2000). He argues that the trial court erred in evicting him under section 83.232(1) for failure to pay ad valorem taxes into the court registry because this obligation was not part of his rent. Instead, he contends payment of ad valorem taxes was merely a covenant under the lease. We agree with the trial court that paying the property taxes was part of his rent obligation and affirm the order of eviction.
This court has jurisdiction because the non-final order determines the right to immediate possession of property. Fla. R.App. P. 9.130. While damage claims have been alleged by both parties, our scope of review is limited to the propriety of the eviction order itself. Because the appeal involves issues of contract and statutory interpretation, our standard of review is de novo. Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000) (“[T]he standard of review for a pure question of law is de novo”); Kaplan v. Bayer, 782 So.2d 417, 419 (Fla. 2d DCA 2001) (“Because interpretation of a contract is a question of law, we apply a de novo standard of review”).
Cascella operated a restaurant on property he leased from the Canaveral Port Authority (“the CPA”). The lease provided in pertinent part:
3. RENT
(a) Base Rental: The base rental shall be $500.61 per month plus any applicable State of Florida sales tax that applies and any other tax that may be levied by the State of Florida on commercial leases.
[[Image here]]
6. TERMS AND CONDITIONS OF LEASE: The additional terms and conditions of this Lease are set forth in the attached LEASE COVENANTS AND CONDITIONS incorporated herein by reference.
[[Image here]]

LEASE COVENANTS AND CONDITIONS

1. TAXES: Lessee shall pay all taxes levied upon the leased premises during the lease term including ad valorem real or personal property taxes, intangible taxes and privilege taxes.
(Emphasis added).
On March 16, 1999, the CPA filed an action for damages and to evict Cascella for the failure to pay ad valorem taxes on the leased premises.[2] At a hearing on the *310 eviction issue, the CPA asserted Cascella had failed to pay nearly $80,000 in ad valorem property taxes on the property. Further, the CPA argued this debt constituted a part of Caseellas’ rent obligation.
The trial court agreed that the lease made the payment of the ad valorem taxes a part of the rent and that the CPA was entitled to the summary eviction remedy of section 83.232. The court gave Cascella three options to prevent immediate eviction: (1) pay the amount of the alleged unpaid rent into the registry of the court; (2) file a motion with the court to determine the amount of unpaid rent, if any, and then pay that amount; or (3) assert the defense of satisfaction as to the amounts owed. Because Cascella exercised none of these options, the court announced that it would order eviction.
Two days later, Cascella filed in the circuit court notice of his filing of a Chapter 13 bankruptcy. Two years into the Chapter 13 bankruptcy that ensued, Cas-cella fell behind in making payments ordered by his confirmed bankruptcy plan. Upon having his plan dismissed, Cascella converted his case into a Chapter 7 liquidation. The CPA thereafter moved for relief from the automatic stay provisions of the bankruptcy, and on January 11, 2002, the bankruptcy court modified the automatic stay to permit the eviction to proceed.
On February 18, 2002, the lower court conducted a new hearing and again concluded that eviction was proper because Cascella failed to pay the portion of his rent consisting of ad valorem property taxes.
On appeal, Cascella contends that section 83.232 is limited to rental payments and does not apply to a default in a lease covenant. He argues that payment of ad valorem taxes is merely a covenant and not part of the rent. We disagree. Rent is defined as consideration paid, usually periodically, for use or occupation of property.” Black’s Law Dictionary 1299 (7th ed.1999). Clearly, Caseella’s obligation to pay ad valorem taxes constituted consideration to use or occupy the property. The fact that this obligation was contained in the “Lease Covenants and Conditions” cannot change its characterization as a rent obligation. “That which we call a rose, by any other name would smell as sweet.” William Shakespeare, Romeo and Juliet, act 2, sc. 1, (1599). Because these taxes had not been paid or deposited into the court registry, the entry of the order of eviction pursuant to section 83.232 was proper. Accordingly, the eviction order is affirmed.
AFFIRMED.
COBB and PALMER, JJ., concur.

. The order of eviction is styled "Final Judgment of Eviction.”

. Apparently he was current on the payment of the base rental of $500.61.