854 So.2d 251 (2003)
Kenton A. SHEPHARD, Appellant,
v.
Claude R. OUELLETE, Appellee.
No. 5D02-3344.
District Court of Appeal of Florida, Fifth District.
September 12, 2003.
*252 Robert R. Foster, DeLand, for Appellant.
Astrid DeParry, P.A., DeLand, for Appellee, Claude R. Ouellette.
HOLCOMB, C.M., Associate Judge.
This is a dispute between the two partners of a partnership as to the proper disposition of the partnership's asset, a parcel of real estate. We conclude that the trial court's ordered sale of the real property was in error and remand for further proceedings.
The order appealed from is entitled "Partial Final Judgment". The order disposes of all of the counts raised as counterclaims by Appellee, but reserves ruling on all but one of the counts raised by Appellant until an accounting is done by a Special Master. Appellant correctly notes that partial final judgments are appealable prior to a final judgment being entered in an entire case. Fla. R.App. P. 9.110(k). The instant order, however, is not a partial final judgment. While the order being appealed in the instant case was titled a "Partial Final Judgment", it is the substance of the order that is controlling. Boyd v. Goff, 828 So.2d 468, 469 (Fla. 5th DCA 2002) ("This case is a good example of why it is important to understand what a court order does and not focus only on how the order is labeled.") The order being appealed is not final, even in a partial sense, because it neither disposes of "an entire case as to any party" nor are the matters that are resolved by it independent of the matters left to be resolved. Cf. Campbell v. Gordon, 674 So.2d 783, 785 (Fla. 1st DCA 1996) (noting that while most partial judgments are interrelated with other portions of the case and thus not final, if a separate and distinct cause of action is pleaded that is not interdependent with other claims it should be immediately appealable).
Although the order appealed from is not appealable as a partial final judgment, we find that we do have jurisdiction to review the matter as a non-final order *253 which determines the right to immediate possession of property because it calls for the judicial sale of property.[1] The scope of this court's jurisdiction, however, is limited to review of matters pertaining to the propriety of the ordered sale. Cascella v. Canaveral Port Authority, 827 So.2d 308, 309 (Fla. 5th DCA 2002) ("This court has jurisdiction because the non-final order determines the right to immediate possession of property. While damage claims have been alleged by both parties, our scope of review is limited to the propriety of the eviction order itself."); Duke v. Reed, 396 So.2d 1218 (Fla. 3d DCA 1981) (jurisdiction existed for summary judgment on mortgage foreclosure count, but appeal from balance of rulings by trial court dismissed for lack of jurisdiction). Thus, while Appellant raises several issues in this interlocutory appeal, we address only the question of whether the ordered sale of the property is proper.
The parties share an interest in the partnership which owns the property in question by virtue of a partnership agreement between them. When this partnership began is a point of contention between the parties. However, in 1994, in an attempt to resolve past differences, Appellant and Appellee entered into a settlement agreement. This agreement provided that Appellant was to convey one-half of the subject property to Appellee and that upon this conveyance "the parties shall be partners in their ownership of the subject property and each shall timely pay one-half of all future expenses associated with ownership of the subject parcel." In accordance with the agreement, Appellant, by quit-claim deed, conveyed a one-half interest in the property to Appellee. Although the quit-claim deed makes no mention of the parties' partnership that was to exist upon this conveyance, there is no requirement that partnership property be titled in the name of a partnership. See, e.g., § 620.8203 and § 620.8204(3), Fla. Stat. (2001), part of Florida's Revised Uniform Partnership Act of 1995 ("FRUPA"), which provides that "[p]roperty is presumed to be partnership property if purchased with partnership assets, even if not acquired in the name of the partnership...." (emphasis added). Property acquired by a partnership is property of the partnership and not of the partners individually. The parties clearly intended the property to be property owned by the partnership.
Faced with ongoing disagreements between the partners, the trial court in the present action ordered a dissolution and "winding down" of the partnership. §§ 620.8801-620.8807, Fla. Stat. (2001). The court also ordered a partition and sale of the partnership property pursuant to the request of Appellee and the provisions of the partition statutes, Chapter 64 of the Florida Statutes. Under Chapter 64, a partition action may be brought by "any one or more of several joint tenants, tenants in common, or coparceners, against their cotenants, coparceners, or others interested in the lands to be divided." § 64.031, Fla. Stat. (2001).
In the instant case, the property was not owned by two or more joint tenants, but by the partnership, a single and independent entity.[2] The trial court's order states that the requirements of setting forth a statutory partition claim were met. The trial court refers to the parties as co-tenants each owning a one half interest in *254 the property. We conclude that this description is incorrect as the property was intended to belong to the partnership. The partition statute does not apply to property that is owned by a single entity. Because the property was owned solely by the partnership, a partition action did not lie.
The portion of the trial court's order ordering a judicial sale of the property pursuant to Appellee's request for a partition of the property is reversed. In finding that a judicial sale of the property pursuant to the partition statutes was not appropriate, we neither rule on nor foreclose the possibility of a judicial sale taking place as part of the ordered winding down and dissolution of the partnership.
REVERSED AND REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(C)(ii).
[2] Section 620.8201 of FRUPA specifically sets forth that "[a] partnership is an entity distinct from its partners." A partnership can sue and be sued. § 620.8307(1), Fla. Stat. (2001).