MAY, J.,
dissenting.
I respectfully dissent. The trial court found “the best rights that Chrysler ever obtained was the rights that — that Frontier had. And Frontier’s rights were extinguished” when Frontier defaulted. I would affirm this ruling.
“It is a well-settled principle of landlord-tenant law that a sublease rises and falls with the master lease, and that a sublessee can take no greater rights in demised property than its sublessor.” Thai v. S.G.D. Corp., 625 So.2d 852, 853 (Fla. 3d DCA 1993). Thus, Chrysler could not obtain any greater rights than Frontier had under the Lease.
The majority agrees that the Prime Lease conditioned Frontier’s option to purchase upon the following things being true in 2006, the end of the 21st year: (1) the Lease had not been terminated; (2) Frontier was not in default; and (3) Frontier had been and continued to pay rent on the 17.42 acre parcel. It also agrees that none of those conditions were satisfied when Frontier defaulted and the Lease terminated through the September 11, 1989 court order. However, it holds that the NDA superceded the fulfillment of those conditions precedent. I disagree.
. Chrysler’s option under the Sublease stated “[tjenant shall have the option to purchase, under the same terms and conditions', in the 21st year or at the time the Lessor has opportunity to exercise its option to purchase under its Lease.” (Emphasis added). In other words, Chrysler’s option was also conditioned upon the existence of the Lease in the 21st year, no default by Frontier, and full payment of monies due under the Lease. As these conditions wére not satisfied, Chrysler’s option to purcháse expired with that of Frontier’s.
Chrysler’s right of first refusal, which was not contained in Frontier’s Lease, gave it the ability to purchase the property from Frontier before anyone else. But because Frontier never owned the property, Chrysler was never in a position to exercise its right. The documents that Davis signed ' did not extend Chrysler rights greater, or impose fewer obligations, than Davis gave Frontier under the Lease. Rather, the NDA and First Amendment to the Sublease merely guaranteed the perpetuation of the Sublease in the event the Lease failed.
Nevertheless, Chrysler argues and the majority agrees that because Davis and Chrysler entered into the NDA, Davis is bound to honor Chrysler’s option to purchase and right of first refusal despite the failure of the conditions precedent. In essence, through the NDA Chrysler acquired Frontier’s benefits without responsibility for Frontier’s burdens. This position directly conflicts with the principle expressed in Thai.
I respectfully suggest that the majority has misinterpreted the meaning of the at-tornment provision in the NDA. An attornment is a continuation of an existing lease, simply putting another in the place of the landlord. 51 C.J.S. Landlord & Tenant *910 § 22 (2002). It does not however, change the terms of the Sublease. It does not place Chrysler in a better position than it occupied had Frontier not defaulted on the Lease. After attornment, the tenant retains the same conditions as under the former landlord. Id. It does not create or initiate a new lease. Id. Therefore, while Chrysler became a tenant to Davis, it did not acquire new or additional rights when the attornment occurred.
In my view, when Frontier’s Lease terminated, Frontier’s option to purchase the property ended before it matured as did Chrysler’s. Because Frontier never actually owned the property, Chrysler was never in a position to exercise its right of first refusal. See Vandervalk v. Brewer, 436 So.2d 1083 (Fla. 3d DCA 1983). While Davis replaced Frontier as landlord, he did not breathe new life into expired rights. Had Davis intended to provide Chrysler with a new option to purchase and right of first refusal, he could have included such rights within the First Amendment to the Sublease, executed after Frontier’s Lease expired. However, that did not occur, and Chrysler held no more than its leasehold interest in the six-acre parcel.
The trial court correctly interpreted the contractual provisions as a matter of law. I would affirm the summary judgment.