[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10371
Non-Argument Calendar

_____

D. C. Docket No. 04-01822-CV-ORL-19-DAB

RAYMOND J. CASCELLA,
MANOS INC.,
A Florida Corporation,
ROLAND CARLSON,

Plaintiffs-Appellants,

versus

CANAVERAL PORT DISTRICT,
as provided by Florida Senate Bill No. 3040
CHAPTER 95-465, LAWS OF FLORIDA doing business
as Canaveral Port Authority,
RODNEY S. KETCHAM,
RAYMOND P. SHARKEY,
DONALD N. MOLITOR,
RALPH J. KENNEDY,
Commissioners in their individual and official
capacities, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2006)**

Before ANDERSON, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Proceeding pro se, Raymond J. Cascella and Roland Carlson, along with Manos, Inc., through counsel, appeal from the district court's dismissal of Cascella's claims of bankruptcy fraud and fraud, and the grant of summary judgment in favor of the defendants as to the plaintiffs' claims under 42 U.S.C. § 1983 and their state law claims of replevin, ejectment and conversion.

The present dispute arose after Cascella leased property located in Cape Canaveral, Florida, from Canaveral Port Authority ("CPA") in 1991. Manos, Inc. and Carlson later became subtenants of Cascella. The lease between CPA and Cascella specified that Cascella would pay all ad valorem taxes levied on the premises for the duration of his lease. It also stated that Cascella was not to "remove any personal property or fixtures from the leased premises if there is any monetary amount due [CPA] from [Cascella] upon expiration or termination of the [l]ease" because "[s]uch property and fixtures shall be security to [CPA] for

2

payment of any monies due [CPA]."

Cascella ultimately failed to pay ad valorem taxes on the property and CPA filed suit. In Cascella v. Canaveral Port Authority, 827 So.2d 308, 309-10 (Fla. 5th DCA 2002), an order of eviction in the matter was affirmed. Previously, while the eviction proceedings were pending, Cascella was also in federal bankruptcy proceedings, first under Chapter 13 and then under Chapter 7. However, the bankruptcy stay was lifted and the state court eviction proceeded to final judgment and affirmance on appeal. Cascella's appeal of the bankruptcy order was denied and the district court affirmed the bankruptcy court order. Thereafter, Cascella filed approximately seven actions with various state and federal courts raising issues related to the matters litigated in both the eviction and bankruptcy proceedings.

In the present action, the district court dismissed Cascella's claims of bankruptcy fraud and fraud, and granted summary judgment in favor of the defendants as to the plaintiffs' claims under § 1983, and as to their state law claims of replevin, ejectment and conversion.

On appeal, the plaintiffs raise numerous arguments. The plaintiffs contend that the district court's dismissal of the bankruptcy fraud and fraud claims was in

error.[1]  They also argue that the district court erred in granting the defendants' motion for summary judgment based upon the determination that Cascella's eviction action was not illegally removed from federal bankruptcy court to state court without an order of remand, citing 28 U.S.C. §§ 1452, 1446 and 1447.  They also contend that the district court erred in granting summary judgment as to their § 1983 claim because CPA violated their equal protection and due process rights by seizing their property.

Cascella and Manos, Inc. contend that the district court erroneously determined that they failed to comply with Fla. Statute 768.28(6), which required that they present their state law claims in writing to the Department of Financial Services before they could maintain them in court.  Apparently in connection with the district court's dismissal of the replevin claim, Carlson and Manos, Inc. contend that they were "not in privity of contract" with Cascella, and that CPA had "no right to seize their removable property" because there was not a judgment issued against them.

In connection with the district court's grant of summary judgment as to his

---

[1]In dismissing Cascella's fraud and bankruptcy fraud claims, the district court construed them as a motion for relief from a final judgment under Fed.R.Civ.P. 60(b)(3), and determined that the motion should be brought in the court where the alleged fraud occurred.  Cascella cited no specific legal basis for his fraud claims, and does not dispute the characterization of these claims as a motion for relief from a final judgment under Fed.R.Civ.P. 60(b)(3) based upon fraud.  See Fed.R.Civ.P. 60(b)(3).

claim for conversion, Cascella argues that the court's determination that a metal building on the leased property was a "fixture" was erroneous because the building was removable. Finally, Cascella argues that the district court abused its discretion by not "considering the rights of the debtor and the estate during bankruptcy."

Each argument is considered in turn.

## I. Fraud and Bankruptcy Fraud

We review the grant of a motion to dismiss <u>de novo</u>, taking the facts alleged in the complaint as true and construing them in favor of the plaintiff. <u>Williams v. Bd. of Regents of Univ. Sys. of Ga.</u>, 441 F.3d 1287, 1295 (11th Cir. 2006).

Under Fed.R.Civ.P. 60(b)(3) a party may be relieved from a final judgment if that judgment was obtained by fraud, misrepresentation, or other misconduct. Fed.R.Civ.P. 60(b)(3). "A motion [under Rule 60(b)] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered." <u>Bankers Mortg. Co. v. United States</u>, 423 F.2d 73, 78 (5th Cir. 1970).

Because the alleged fraud and bankruptcy fraud took place during bankruptcy proceedings, and Cascella's claim was in effect a challenge to the bankruptcy court's judgment, such a Rule 60(b) motion should have been filed in the bankruptcy court. The district court's dismissal of Cascella's claims of fraud

and bankruptcy fraud was appropriate.  See Bankers Mortg. Co., 423 F.2d at 78.

## II. Section 1983 Claim

We review a district court's grant of summary judgment de novo, applying the same legal standards used by the district court.  Harris v. Coweta County, 433 F.3d 807, 811 (11th Cir. 2005).  Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56; Celotex v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion, and all reasonable doubts about the facts are resolved in favor of the nonmovant.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

In relevant part, 42 U.S.C. § 1983 states:

> Every person who, under color of [state law] . . .  subjects, or
> causes to be subjected, any citizen of the United States . . .
> to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other
> proper proceeding for redress.

42 U.S.C. § 1983.

We also review de novo whether a lawsuit is barred by the doctrine of

6

res judicata. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Res judicata bars a plaintiff from bringing a subsequent lawsuit when four requirements are met: (1) there was a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Ragsdale, 193 F.3d at 1238. As to the fourth prong, if a case arises out of the same nucleus of operative fact or is based upon the same factual predicate as a former action, the two cases are considered to be the same cause of action. Id. at 1239.

Here, the district court cited three bases in granting summary judgment as to the § 1983 claim. First, it determined that the alleged constitutional violations were barred by the doctrine of res judicata because the plaintiffs "had ample opportunity to raise these issues . . . before the Bankruptcy Court and state trial court," but chose not to do so. Second, it found that the defendants were legally entitled to hold the plaintiffs' personal property if there was any monetary amount due. Third, it found no authority to support a finding that the actions alleged by the plaintiffs gave rise to a cause of action under § 1983.

First, the district court's determination that the issues raised in the §1983 claim were barred by the doctrine of res judicata was correct given the ruling in

7

Cascella v. Canaveral Port Authority, 827 So.2d 308, 309-10 (Fla. 5th DCA 2002).

See Ragsdale, 193 F.3d at 1238. Though not relied upon by the district court, we also note that Cascella raised similar or related claims in approximately seven subsequent filings as well.

Second, even assuming that the claim was not barred, the district court was correct that the plaintiffs' constitutional rights were not violated by the defendants' seizure of the property and termination of the leasehold interest in light of the terms of the lease and the order of eviction affirmed in Cascella, 827 So.2d at 309-10.

Third, the plaintiffs failed to specify in the district court or on appeal any basis for their argument that the defendants' actions gave rise to a cause of action under § 1983, and no such basis is apparent. Based upon the foregoing, the district court did not err in granting the defendants' motion for summary judgment as to this claim.

### III. State Law Claims

In granting summary judgment as to the plaintiffs' state law claims of replevin, ejectment, and conversion, the district court determined that even if they met the requirements of Fla. Statute 768.28(6), they still would not have been entitled to relief because they had no legally cognizable interest in the claimed

8

property. The plaintiffs do not dispute this determination on appeal. Indeed, the district court correctly determined that (1) the lease provided that CPA could retain any personal property of Cascella for amounts due to it, as lessor, (2) the Fifth District Court of Appeal found in Cascella, 827 So.2d at 309-10, that ad valorem taxes were part of the rent, and (3) CPA was owed $80,000 in ad valorem taxes. It also correctly noted that the plaintiffs failed to show that the $80,000 in ad valorem taxes due had been paid. Because the grant of summary judgment was proper on this ground, we decline to specifically consider whether the plaintiffs met state procedural filing requirements.

## IV. Sublessees' No-Privity Claim

Under Florida landlord-tenant law a sublessee can take no greater rights in the property than its sublessor. Bobo v. Vanguard Bank and Trust Co., Inc., 512 So.2d 246, 247 (Fla. 1st DCA 1987). For example, where a "master lease [is] cancelled as a result of the default of the lessee in not paying the property taxes . . . the sublease [falls] as a matter of law, and the sublessee should [be] evicted." Thal v. S.G.D. Corp., 625 So.2d 852, 853 (Fla. 3d DCA 1993).

As an initial matter, we note that the district court granted summary judgment as to the replevin claim, first, based upon a finding that it was barred by the doctrine of res judicata. For the same reasons as set forth, supra, and because,

9

as set forth more fully below, Carlson and Manos, Inc. were in privity of contract with Cascella, this claim is also barred by res judicata. See Ragsdale, 193 F.3d at 1238.

Even assuming arguendo that the replevin claim was not barred by the doctrine of res judicata, there was no error as the determination that CPA did not wrongfully seize Carlson and Manos, Inc.'s property. Specifically, because Cascella's property was subject to seizure under the contract, there was no error in CPA's seizure of the property of the sublessees as well. See Bobo, 512 So.2d at 247.

### V. Conversion Claim – Fixture Argument

Under Florida law, a "fixture" is chattel that has been physically annexed to realty with the intent of making it part thereof, and that is not removable without injuring the freehold. Greenwald v. Graham, 130 So. 608, 610 (Fla. 1930).

For the same reasons set forth previously, Cascella's claim of conversion was barred by the doctrine of res judicata. See Ragsdale, 193 F.3d at 1238.

Even assuming arguendo that this claim were not barred, the district court did not err in its determination as to the characterization of the building at issue. Specifically, Cascella testified that the building was two stories tall, made of metal, and bolted to a concrete slab. He also testified that the building was present on the property when he entered into the lease agreement. Based upon these facts, there

10

was no error as to the district court's determination that the building had been physically annexed to realty with the intent of making it part thereof. See Graham, 130 So. at 610.

## VI. Cascella's Rights of Debtor

Cascella argues for the first time on appeal that the district court ignored his rights as a debtor in bankruptcy by failing to recognize a bankruptcy discharge of debts.

We do not consider arguments raised for the first time on appeal unless one of five exceptions is met. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994). The exceptions are: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the appellant is raising an objection to an order which he had no opportunity to raise at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. Narey, 32 F.3d at 1526-27.

As an initial matter, for the same reasons set forth above, this argument appears to have been barred by the doctrine of res judicata. See Ragsdale, 193 F.3d at 1238. In any event, Cascella did not raise this argument in the district court. Because none of the exceptions are met, we decline to consider this argument as an initial matter. See Narey, 32 F.3d at 1526-27.

11

Alternatively, to the extent that the district court impliedly rejected this argument, there was no error. Specifically, the record shows that, under the terms of the lease, CPA was entitled to retain "personal property or fixtures from the leased premises if there is any monetary amount due [CPA] from [Cascella] upon expiration or termination of the [l]ease." Further, a Florida court ordered Cascella's eviction, and he failed to allege in the district court that he thereafter had discharged the $80,000 debt. Accordingly, the district court did not err in this respect.

Based upon the foregoing, we affirm the district court's dismissal of Cascella's bankruptcy fraud and fraud claims, and its grant of summary judgment as to the plaintiffs' remaining claims.

**AFFIRMED.**