# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0310
LT Case No. 55-2019-CA-1610

_____

BEACHWAY RESTAURANTS, LLC,
and JAMES WIGG,

     Appellants,

     v.

COQUINA BEACH HOLDINGS,
INC., LYNN MARIE KLUGER, and
MICHAEL KLUGER, and SOUTH
BEACH GRILL, INC.,

     Appellees.

_____


On appeal from the Circuit Court for St. Johns County.
Howard M. Maltz, Judge.

Charles M. Schropp, of the Schropp Law Firm, P.A., Tampa, and
Robert B. George and John A. Carlisle, of the Liles Firm, P.A.,
Jacksonville, for Appellants.

W. Alan Winter, of the Winter Law Firm, Atlantic Beach, for
Appellees, Coquina Beach Holdings, Inc., Lynn Marie Kluger, and
Michael Kluger.

No Appearance for Remaining Appellee.

May 22, 2026

PER CURIAM.

Appellants, Beachway Restaurants, LLC and James Wigg ("Beachway"), appeal the trial court's final judgment entered in favor of Coquina Beach Holdings, Inc., and related parties ("Coquina"), following a bench trial. In its amended counterclaim, Beachway asserted causes of action for unlawful eviction, tortious interference, and conversion, arising from a dispute between the parties concerning a commercial lease. We affirm the judgment on the unlawful eviction and tortious interference claims without further discussion.

We reverse, however, the judgment as to the conversion claim. On appeal, Beachway argues that the trial court's finding that it abandoned the property remaining inside the leased premises was unsupported by competent, substantial evidence. We agree.

Abandonment may defeat a conversion claim. *See Howard v. Sharlin*, 61 So. 2d 181, 181 (Fla. 1952). But to establish abandonment, "there must be an intent to abandon and conduct by which the intention is carried into effect." *Bobo v. Vanguard Bank & Tr. Co.,* 512 So. 2d 246, 247 (Fla. 1st DCA 1987) (citation omitted).

While the record evidence supports the trial court's finding that the business itself was abandoned, there is no evidence that Beachway abandoned the inventory and property inside the leased premises. We therefore reverse the judgment as to Beachway's conversion claim and remand for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED.

JAY, C.J., and EISNAUGLE and BOATWRIGHT, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____